Emma Roberts, Respondent, *v.* The Union Elevated Railroad
Company, Appellant.

*Satisfaction of a judgment without the attorney's knowledge — set aside to the extent
of the costs.*

When, pending an appeal from a judgment recovered in an action in favor of the plaintiff, a settlement is made and the judgment is satisfied without the knowledge of the attorney for the plaintiff, a motion made by the plaintiff's attorney to set aside the satisfaction of the judgment is properly granted to the extent of the amount of the costs included therein.

Appeal by the defendant, The Union Elevated Railroad Company, from an order of the Supreme Court, made at the Kings County

Special Term and entered in the office of the clerk of the county of Kings on the 12th day of July, 1893, granting the plaintiff's motion to set aside the satisfaction of judgment entered in the action to the extent of the taxable costs, and also from an order entered in said clerk's office on the 7th day of September, 1893, denying the defendant's motion for an order for leave to reargue the plaintiff's motion to set aside the satisfaction of the judgment.

*Wm. N. Cohen* and *Alfred Lauterbach*, for the appellant.

*Stephen M. Hoye* and *Francis Russell Whitney*, for the respondent.

DYKMAN, J.:

The plaintiff recovered a judgment against the defendant in this action for $175 damages and $73.11 costs, which made together $248.11.

The defendant appealed from the judgment, and pending the appeal a settlement was reached between the parties without the knowledge of the attorney for the plaintiff, through the intervention of William R. Grace.

The sum paid upon such settlement was $225, of which Grace received $50 and the plaintiff $175, the amount of her verdict.

Thereupon a motion was made by the plaintiff's attorney to set aside the satisfaction of the judgment; that motion was argued and an order was made setting aside the satisfaction of the judgment to the extent of $73.11, the costs of the plaintiff's attorney, which he was allowed to collect.

The defendant appealed from that order, and while the appeal was pending the defendant made a motion for a reargument of the original motion; that motion was denied, and the defendant has appealed from that order also.

These orders are so obviously right and just that argument or authority in their support are unnecessary, although the orders are well sustained by both. Both orders should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred; CULLEN, J., not sitting.

Orders affirmed, with ten dollars costs and disbursements.